STATE OF NORTH CAROLINA v. ROBERT L. BROWN

No. COA02-1673

(Filed 20 January 2004)

**Sexual Offenses— taking or attempting to take indecent liberties with a child—motion to dismiss—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charges of taking or attempting to take indecent liberties with a child, because: (1) the conversations between defendant and the victim were neither sexually. graphic and explicit nor

**STATE v. BROWN**

[162 N.C. App. 333 (2004)]

were they accompanied by other actions tending to show defendant's purpose was sexually motivated; (2) nothing in the record indicated defendant's actions emanated from a desire or purpose to arouse or gratify sexual desire; and (3) the scope of taking indecent liberties has never encompassed innuendo and intimation unaccompanied by other indicia of defendant's motivation.

Appeal by defendant from judgment entered 24 July 2002 by Judge Wiley F. Bowen in Lee County Superior Court. Heard in the Court of Appeals 9 October 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Chris Z. Sinha, for the State.*

*Samuel L. Bridges, for defendant-appellant.*

CALABRIA, Judge.

Robert L. Brown ("defendant") appeals from a judgment entered in Lee County Superior Court upon a jury verdict finding him guilty of taking or attempting to take indecent liberties with a child.[1] We find the evidence insufficient to show defendant took or attempted to take indecent liberties and reverse.

On 20 February 2001, a thirteen-year-old child ("V.V.") was signed into the Hillcrest Youth Shelter (the "shelter") by her mother due to family discord and conflict in the home. During the intake, her mother agreed to accept aftercare services and signed a consent form allowing someone from the shelter to come to the house or call after V.V.'s discharge. Defendant, who was in his late forties, was the shelter's aftercare coordinator when V.V. was admitted. Defendant was responsible for meeting with families and establishing relationships with them in order to provide services for children and their families after the children were discharged from the shelter. V.V. remained at the shelter for approximately thirty days. By the time V.V. was discharged, defendant had moved to a new job position: program assistant. As program assistant, defendant was no·longer responsible for making home visits or contacts outside the shelter; however, it was not a violation of his job description to contact children who had been released from the program.

---

1. The jury verdict correctly tracks the language of N.C. Gen. Stat. § 14-202.1(a)(1) (2003), which encompasses both taking or attempting to take indecent liberties with a child. For ease of reference, we will simply refer to the charge as taking indecent liberties with a child.

**STATE v. BROWN**

[162 N.C. App. 333 (2004)]

Since no other person had been designated to provide post-discharge services for V.V., defendant continued to contact V.V. by phone and personally visited V.V. on one occasion. Frequently, defendant indicated he would like to take V.V. out to eat or spend time with her. V.V. testified that, while defendant stated he wanted to kiss her on one occasion, he never attempted to do so. Eventually, V.V. became uncomfortable talking to defendant. Around 10 June 2001, V.V. followed the advice of her foster mother and taped a conversation between her and defendant. The taped conversation revealed a number of inappropriate comments by defendant including comments on how she looked, comments indicating he would like to see her, and comments concerning his feelings towards her and how he perceived her feelings towards him.

V.V. turned over the recording of defendant's conversation with her to the Lee County Sheriff's Department. The director of the shelter listened to the taped conversation, notified defendant of the conversation, and discharged him from the shelter. The State charged defendant with taking indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1(a)(1).

At the close of the State's case, defendant moved to dismiss the charge of taking indecent liberties with a child. The trial court denied defendant's motion. Defendant offered no evidence and renewed the motion to dismiss, which the trial court again denied. The jury convicted defendant of taking or attempting to take indecent liberties with a child. Since defendant had no prior criminal record, the court sentenced defendant to a minimum term of twenty months and a maximum term of twenty-four months. The court suspended the sentence and placed defendant on supervised probation for thirty months. As a special condition of his probation, defendant was to serve 120 days as an active term. Defendant appeals, asserting the trial court erred in (I) failing to grant his motion to dismiss; (II) failing to give his requested special instructions regarding attempt; and (III) allowing the introduction of Rule 404(b) evidence by the State. Because we find the trial court should have granted defendant's motion to dismiss at the close of the evidence, we do not reach defendant's second and third assignments of error.

Defendant asserts the trial court erred by denying his motion to dismiss because the State failed to present sufficient evidence that he took indecent liberties with a child. "A motion to dismiss on the ground of sufficiency of the evidence raises . . . the issue 'whether there is substantial evidence of each essential element of the offense

charged and of the defendant being the perpetrator of the offense.' " *State v. Barden*, 356 N.C. 316, 351, 572 S.E.2d 108, 131 (2002), *cert. denied,* — U.S. —, 155 L. Ed. 2d 1074 (2003) (quoting *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)). "The existence of substantial evidence is a question of law for the trial court, which must determine whether there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). " 'The court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from that evidence.' " *Id.* (citation omitted). "If, however, when the evidence is so considered it is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed." *State v. Malloy*, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983).

North Carolina General Statutes § 14-202.1 (2003) provides, in part, as follows:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire . . . .

Where a defendant moves to dismiss charges brought under N.C. Gen. Stat. § 14-202.1(a)(1), the State must present substantial evidence of the following elements:

(1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.

*State v. Rhodes*, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987). We find the State's evidence regarding the final element, defendant's purpose, insufficient to support the offense charged.

The evil the legislature sought to prevent in [the context of taking indecent liberties] was the defendant's performance of any

immoral, improper, or indecent act in the presence of a child for the purpose of arousing or gratifying sexual desire. Defendant's purpose for committing such act is the gravamen of this offense; the particular act performed is immaterial.

State v. Hartness, 326 N.C. 561, 567, 391 S.E.2d 177, 180 (1990) (internal quotation marks omitted). Accordingly, in applying the statute, our courts have focused on defendant's purpose (arousing or gratifying sexual desire) in light of the particular sexual act in which defendant has engaged. See State v. Every, 157 N.C. App. 200, 206, 578 S.E.2d 642, 648 (2003) (quoting State v. Hicks, 79 N.C. App. 599, 603, 339 S.E.2d 806, 809 (1986)) (observing "[t]he breadth of conduct that has been held violative of the statute indicates a recognition by our courts of 'the significantly greater risk of psychological damage to an impressionable child from overt sexual acts . . . .' ").

In many cases concerning conduct alleged to constitute taking indecent liberties, it has been unnecessary to closely examine whether the challenged conduct by defendant was motivated by the purpose of arousing or gratifying sexual desire. The conduct in those cases obviated extensive discussion regarding the purpose of the act. See, e.g., State v. Slone, 76 N.C. App. 628, 334 S.E.2d 78 (1985) (defendant placed his hand underneath a twelve-year-old victim's softball shorts and fondled her); State v. Hicks, 79 N.C. App. 599, 339 S.E.2d 806 (1986) (defendant exposed himself and placed his hand on his penis within several feet of a child); State v. Bowman, 84 N.C. App. 238, 352 S.E.2d 437 (1987) (defendant laid on top of victim with his pants unzipped, kissed her, and touched her "pee pee"); State v. Hartness, 326 N.C. 561, 391 S.E.2d 177 (1990) (defendant engaged in various forms of sexual relations with his seven-year-old daughter and his nine-year-old stepson).

Recently, this Court expanded the scope of what constitutes indecent liberties when we addressed two issues relevant to the case at bar: (1) whether mere words can constitute the taking of indecent liberties with a child, and (2) whether conversations between a defendant and a victim over the phone are sufficient to establish constructive presence for the offense. State v. Every, 157 N.C. App. at 204-09, 578 S.E.2d 642, 647-49 (2003). We answered both questions in the affirmative. Id.

Our holding in Every stands for the proposition that repeated, graphic, and explicit sexual conversations over the phone concurrent

with indicia of masturbation is sufficient to allow a jury to conclude such actions amount to taking indecent liberties. As with previous cases, an extended discourse on the defendant's purpose or motivation in *Every* would have been superfluous. Defendant's acts of masturbation during the conversation, as well as the nature of the language employed in the conversations, made his purpose self-evident. Both of those factors, however, are absent in the instant case: the conversations were neither sexually graphic and explicit nor were they accompanied by other actions tending to show defendant's purpose was sexually motivated. In short, nothing in the record indicates defendant's actions emanated from a desire or purpose to arouse or gratify sexual desire. The State would have us conjecture that there could be no other motivation by defendant engaging in conversations which could be read to include sexual innuendo; however, our courts have repeatedly held mere speculation or suspicion to be insufficient when considering the propriety of a motion to dismiss. *Malloy*, 309 N.C. at 179, 305 S.E.2d at 720.

While we emphatically affirm that defendant's conduct is not condoned by this Court or encouraged by the prevailing mores and standards of our society, the scope of taking indecent liberties has never encompassed innuendo and intimation unaccompanied by other indicia of defendant's motivation, nor do we feel it was intended to apply to defendant's actions in the instant case. Our holding does not reflect the opinion that defendant's conduct could not be made culpable by the Legislature if it determines criminal liability is appropriate. However, no previous case has applied taking indecent liberties to acts analogous to those found in the instant case, and we decline to enlarge the scope of the offense in this manner. Accordingly, we hold there was insufficient evidence that defendant took or attempted to take indecent liberties with V.V., and the trial court erred in failing to dismiss the charge at the close of the evidence.

Reversed.

Judges McGEE and HUNTER concur.