STATE OF NORTH CAROLINA v. JIMMY LAWRENCE SHUE

No. COA03-133

(Filed 17 February 2004)

**1. Indecent Liberties— sufficiency of evidence—intent**

There was insufficient evidence of an intent to take indecent liberties, and the trial court erred by denying defendant's motion to dismiss, where there was an encounter in a restroom but the only evidence of intent was in the defendant's subsequent actions with another victim in the same stall.

**2. Kidnapping— second-degree—sufficiency of evidence**

There was sufficient evidence of second-degree kidnapping where defendant restricted a child's ability to leave a restroom stall and removed the child from the view of others who might hinder defendant's taking of indecent liberties.

STATE v. SHUE

[163 N.C. App. 58 (2004)]

Appeal by defendant from judgment dated 15 October 2002 by Judge J.B. Allen, Jr. in Superior Court, Alamance County. Heard in the Court of Appeals 13 November 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Lori A. Kroll, for the State.*

*Clifford, Clendenin, O'Hale & Jones, LLP, by Walter L. Jones, for defendant.*

McGEE, Judge.

Jimmy Lawrence Shue (defendant) appeals from judgment entered upon a jury verdict finding defendant guilty of taking indecent liberties with a child and second degree kidnapping. Defendant was sentenced to imprisonment for twenty-five to thirty-nine months for second degree kidnapping of a five-year-old child and a consecutive term of sixteen to twenty months for taking indecent liberties with an eight-year-old child. Defendant did not appeal the trial court's entry of prayer for judgment for defendant's conviction of taking indecent liberties with a five-year-old child and his conviction of assault of an eight-year-old child.

The State's evidence tended to show that on the evening of 25 March 2002, L.H. was dining with her daughter and her two minor sons (P.H. and N.H.) at Ham's restaurant in Burlington, North Carolina. L.H.'s sister and her four children, including her minor son (K.R.), joined them for dinner.

While the families waited for the arrival of their order, eight-year-old P.H. went to the restaurant's restroom. P.H. was unable to lock the only stall in the restroom. P.H. asked defendant, who was in the restroom, for assistance in locking the stall. Defendant, age forty-seven, entered the stall along with P.H. and attempted to engage the lock. Once defendant had successfully locked the stall, he turned towards P.H. and attempted to grab P.H.'s arm. Defendant left the stall when P.H. jerked his arm away. P.H. returned to his family's table.

Five-year-old N.H. later went to the restroom and shortly thereafter his mother asked P.H. and K.R. to check on N.H. since he had failed to return to the table. When P.H. and K.R. entered the restroom, they saw defendant and N.H. in the same stall with the stall door closed. P.H. saw defendant exit the stall.

STATE v. SHUE

[163 N.C. App. 58 (2004)]

While N.H. was in the stall of the restaurant's restroom, defendant entered the stall and closed the stall door just as N.H. finished urinating. N.H. testified that defendant stated that he wanted to help N.H. "tinkle" and he touched N.H.'s "tinkle spot" with both hands before leaving the stall and the restroom.

Defendant was convicted of second degree kidnapping and taking indecent liberties with a five-year-old child. Defendant was also convicted of assault on a child under twelve and taking indecent liberties with an eight-year-old child. Defendant appeals his convictions for second degree kidnapping of a five year old child and taking indecent liberties with an eight year old child.

Both of defendant's assignments of error allege the trial court erred in denying his motion to dismiss for insufficient evidence.

When considering a motion to dismiss for insufficient evidence, the trial court must determine whether there is substantial evidence of each element of the offense and that the defendant committed the offense. *State v. Irwin*, 304 N.C. 93, 97, 282 S.E.2d 439, 443 (1981). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *State v. Smith*, 150 N.C. App. 138, 140, 564 S.E.2d 237, 239, (quoting *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991) (citations omitted)), *cert. denied*, 355 N.C. 756, 566 S.E.2d 87 (2002). All evidence is to be considered in the light most favorable to the State and all reasonable inferences are to be drawn therefrom. *Irwin*, 304 N.C. at 98, 282 S.E.2d at 443. Where there is a reasonable inference of a defendant's guilt from the evidence, the jury must determine whether that evidence "convinces them beyond a reasonable doubt of defendant's guilt." *Id.*

[1] In his first assignment of error, defendant contends that the trial court erred by denying his motion to dismiss because the State failed to present sufficient evidence that he took indecent liberties with an eight-year-old child.

N.C. Gen. Stat. § 14-202.1 proscribes that:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age

of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1 (2003).

In explaining the statute and its impact, our Supreme Court has stated that

[t]he evil the legislature sought to prevent in this context was the defendant's performance of any immoral, improper, or indecent act in the presence of a child 'for the purpose of arousing or gratifying sexual desire.' Defendant's purpose for committing such act is the gravamen of this offense; the particular act performed is immaterial. It is important to note that the statute does not contain any language requiring a showing of intent to commit an unnatural sexual act. Nor is there any requirement that the State prove that a touching occurred. Rather, the State need only prove the taking of any of the described liberties for the purpose of arousing or gratifying sexual desire.

*State v. Hartness*, 326 N.C. 561, 567, 391 S.E.2d 177, 180-81 (1990); *see also State v. Every*, 157 N.C. App. 200, 578 S.E.2d 642 (2003).

The State's evidence in the case before us showed that defendant entered a stall occupied by P.H. and after fixing the lock at P.H.'s request, defendant reached out to grab the child's arm. P.H. jerked his arm away and defendant exited the stall. Defendant argues that his conduct does not constitute the taking of indecent liberties with a child. However, the State asserts there was sufficient evidence of an attempt by defendant to take indecent liberties with P.H. and, therefore, he is guilty of the offense of taking indecent liberties with a child as prohibited under N.C. Gen. Stat. § 14.202.1.

"The two elements of the crime of attempt are (1) there must be the intent to commit a specific crime and (2) an overt act which in the ordinary and likely course of events would result in the commission of the crime." *State v. Brayboy*, 105 N.C. App. 370, 374, 413 S.E.2d 590, 593, (evidence that the defendant grabbed the victim, forced her to the ground, pinned her arms and straddled her was insufficient to support conclusion of the defendant's intent to rape), *disc. review denied*, 332 N.C. 149, 419 S.E.2d 578 (1992). It was the State's burden

at trial in the case before us to present sufficient evidence to establish that (1) defendant reached for P.H. with the intent to take indecent liberties with the child and (2) in the ordinary and likely course of events, defendant's conduct would result in the commission of the offense. *Id.*

The State contends that the requisite intent is evident in the actions of defendant toward the child's younger brother which occurred a short time later in the same restroom stall. We disagree. *See State v. Davis*, 90 N.C. App. 185, 368 S.E.2d 52 (1988) (evidence that the defendant had raped a woman in the same apartment complex thirteen years prior was insufficient on its own to prove intent to commit rape).

Although proof of intent is often shown by the circumstances, we do not believe the General Assembly intended, in enacting this statute, to alleviate the State's burden to prove a defendant's intent at the time of the offense at issue. When "evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss should be allowed." *State v. Revels*, 153 N.C. App. 163, 167, 569 S.E.2d 15, 17 (2002) (citations omitted); *compare State v. Brown*, 162 N.C. App. 333, 338, 590 S.E.2d 433, 437 (2004) (mere conjecture that the defendant's motivation for conversing with the child was sexually motivated is insufficient evidence to establish the defendant's purpose was to obtain sexual gratification). The evidence of defendant's conduct involving N.H. does not support the conclusion that defendant attempted to take indecent liberties with P.H. Where the State offered no other indicia of defendant's intent, such a blanket assumption based on a later instance is insufficient. The trial court erred in denying defendant's motion to dismiss the charge of indecent liberties with P.H.

[2] Defendant next argues that the trial court erred in denying his motion to dismiss the charge of second degree kidnapping of N.H., a five-year-old child. Defendant contends that the State presented insufficient evidence for the charge to survive his motion to dismiss because the act of kidnapping was not independent and separate from the charge and conviction for taking indecent liberties with N.H.

N.C. Gen. Stat. § 14-39 provides:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another . . . any other person under the age of

16 years without the consent of a parent or legal custodian of such person, shall be guilty of: kidnapping if such confinement, restraint or removal is *for the purpose of*:

> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony;

> (b) . . . If the person kidnapped was released in a safe place by the defendant . . . the offense is kidnapping in the second degree[.]

N.C. Gen. Stat. § 14-39 (2003) (emphasis added). "If the victim is shown to be under sixteen, the state has the burden of showing that he or she was unlawfully confined, restrained, or removed from one place to another without the consent of a parent or legal guardian." *State v. Hunter*, 299 N.C. 29, 40, 261 S.E.2d 189, 196 (1980).

"Confinement" in the context of the offense "connotes some form of imprisonment within a given area, such as a room, a house or a vehicle." *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978). Whereas " 'restrain,' while broad enough to include a restriction upon freedom of movement by confinement, connotes also such a restriction, by force, threat or fraud, without confinement." *Id.* The initial inquiry is whether there was "substantial evidence that the defendant[] restrained or confined the victim separate and apart from any restraint necessary to accomplish the act[] of [taking indecent liberties with the minor child]." *State v. Mebane*, 106 N.C. App. 516, 532, 418 S.E.2d 245, 255, *disc. review denied*, 332 N.C. 670, 424 S.E.2d 414 (1992); *see also State v. Oxendine*, 150 N.C. App. 670, 676, 564 S.E.2d 561, 566 (2002) ("The restraint of the victim must be a complete act, independent of the sexual offense."), *disc. review denied*, 356 N.C. 689, 578 S.E.2d 325 (2003).

In *Fulcher*, our Supreme Court recognized that two or more criminal offenses "may grow out of the same course of action," where the first offense is committed with the intent to commit the second offense, followed by the commission of the second offense. *Fulcher*, 294 N.C. at 523-24, 243 S.E.2d at 351-52 (e.g., a breaking and entering, with the intent to commit a larceny, followed by the commission of the larceny). In such an instance, a defendant may be convicted of both offenses.

In the present case, the State presented evidence that after N.H. had finished urinating, defendant entered the restroom stall occupied by the minor child and closed the door. Defendant did so without the consent of the minor's parents. Defendant effectively restricted the

**COLUMBUS CTY. EX REL. BROOKS v. DAVIS**

[163 N.C. App. 64 (2004)]

child's ability to leave the stall and removed N.H. from the view of others in the restroom who might hinder the commission of the offense. These facts are substantial evidence from which a jury could reasonably infer defendant confined N.H. within the stall for the purpose of facilitating defendant's taking indecent liberties with N.H. Defendant's second assignment is therefore without merit.

Defendant's conviction for taking indecent liberties with P.H., an eight-year-old child, is reversed. The trial court did not err in defendant's conviction of second degree kidnapping of N.H., a five-year-old child.

Reversed in part and affirmed in part.

Judges HUDSON and CALABRIA concur.