WYNN, Judge.
Defendant Ronald Toster appeals from his felony conviction of taking indecent liberties with a minor. On appeal, Defendant argues the trial court erred by refusing to dismiss the charge for lack of sufficiency of the evidence. After a thorough review of the record, we reject this argument and hold Defendant received a fair trial, free from prejudicial error.
At trial, the State's evidence tended to show that on 14 June 2002, the eight-year-old juvenile, along with her mother, visited the residence of Defendant, a family relative by marriage. While at the residence, juvenile began to play video games with Defendant. When it was time for juvenile and her mother to leave,Defendant told her mother that juvenile could remain and he would walk her home later. Defendant and juvenile continued to play video games in the living room, while Defendant's wife was in the next room. Defendant had been drinking Wild Irish Rose and beer.
At some time subsequent, Defendant told juvenile to "Give me a kiss." Juvenile answered, "No, you come get it." Defendant then leaned over, kissed juvenile on the lips, and forced his tongue into her mouth, despite juvenile's attempts to hold her teeth together to prevent such action. Juvenile testified she felt disgusted by Defendant's kiss. She went to the bathroom and washed her mouth out. Juvenile then informed Defendant's wife of Defendant's actions, whereupon Defendant's wife took juvenile home. Once there, Defendant's wife told juvenile's mother what had occurred. Juvenile was upset and crying when she arrived home.
Defendant presented no evidence. The trial court twice denied Defendant's motion to dismiss for insufficient evidence, and submitted the matter to the jury. The jury found Defendant guilty as charged, whereupon the trial court gave Defendant a suspended sentence and placed him on probation for thirty-six months upon the condition that he serve thirty days in New Hanover County jail. Defendant appealed.
Defendant's sole argument on appeal is that the trial court erred in denying his motion to dismiss. Specifically, Defendant argues there was insufficient evidence to show that his conduct, though "clearly inappropriate," was initiated for the purpose of"arousing or gratifying sexual desire," so as to be convicted of taking indecent liberties. Defendant's argument is unpersuasive.
In ruling on a defendant's motion to dismiss, the trial court determines only "`whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.'" State v. Owen, 159 N.C. App. 204, 206, 582 S.E.2d 689, 690 (2003) (quoting State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)). Substantial evidence has been defined as that amount of evidence "which a reasonable juror would consider sufficient to support the conclusion that each essential element of the crime exists." State v. Baldwin, 141 N.C. App. 596, 604, 540 S.E.2d 815, 821 (2000). The evidence must be considered in the light most favorable to the State and the State must be given the benefit of every favorable inference to be drawn from the evidence. State v. Cooper, 138 N.C. App. 495, 497, 530 S.E.2d 73, 75, aff'd per curiam, 353 N.C. 260, 538 S.E.2d 912 (2000). "Where there is a reasonable inference of a defendant's guilt from the evidence, the jury must determine whether that evidence `convinces them beyond a reasonable doubt of defendant's guilt.'" State v. Shue, ___ N.C. App. ___, ___, 592 S.E.2d 233, 235 (quoting State v. Irwin, 304 N.C. 93, 98, 282 S.E.2d 439, 443 (1981)), cert denied and disc. review denied, ___ N.C. ___, ___ S.E.2d ___ (2004). Contradictions and discrepancies must be resolved in favor of the State. State v. Lucas, 353 N.C. 568, 581, 548 S.E.2d 712, 721 (2001).
To obtain a conviction for taking indecent liberties inviolation of section 14-202.1 of the North Carolina General Statutes, the State must present substantial evidence that
(1) the defendant was at least 16 years of age, (2) he was five years older than his victim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.
State v. Rhodes, 321 N.C. 102, 104-5, 361 S.E.2d 578, 580 (1987). The term "indecent liberties has been defined as "`such liberties as the common sense of society would regard as indecent and improper.'" State v. McClees, 108 N.C. App. 648, 653, 424 S.E.2d 687, 690 (quoting Black's Law Dictionary (6th ed.)), disc. review denied, 333 N.C. 465, 427 S.E.2d 626 (1993). Various acts may be considered indecent and may be performed to provide sexual gratification to the actor. State v. Etheridge, 319 N.C. 34, 49, 352 S.E.2d 673, 682 (1987).
In Shue, this Court reiterated,
In explaining the statute and its impact, our Supreme Court has stated that `[t]he evil the legislature sought to prevent in this context was the defendant's performance of any immoral, improper, or indecent act in the presence of a child `for the purpose of arousing or gratifying sexual desire.' Defendant's purpose for committing such act is the gravamen of this offense; the particular act performed is immaterial. It is important to note that the statute does not contain any language requiring a showing of intent to commit an unnatural sexual act. Nor is there any requirement that the State prove that a touching occurred. Rather, the State need only prove the taking of any of the described liberties for the purpose of arousing or gratifying sexual desire.'__ N.C. App. at ___, 592 S.E.2d at 235-36 (quoting State v. Hartness, 326 N.C. 561, 567, 391 S.E.2d 177, 180-81 (1990)); see also State v. Every, 157 N.C. App. 200, 578 S.E.2d 642 (2003). To the extent that there must be evidence to show that the act was done for the purpose of arousing or gratifying sexual desire, we note that intent is "`rarely shown by direct proof.'" State v. Morris, 156 N.C. App. 335, 340, 576 S.E.2d 391, 395 (quoting State v. Lancaster, 202 N.C. 204, 210, 162 S.E. 367, 371 (1932)), cert. denied, 357 N.C. 510, 588 S.E.2d 379 (2003). Instead, it must often be "inferred from facts in evidence." Id.
In the instant case, there is no question that juvenile and Defendant fall within the statutory age requirements for the subject offense. Further, Defendant concedes that his conduct involved "inappropriate touching," but contends that the "one time kiss . . . without any additional sexual misconduct or sexually explicit language," was insufficient to show he acted for the purpose of "arousing or gratifying sexual desire."
Although there is no case from this jurisdiction that is directly on point, this Court's previous decisions do provide some guidance. In Shue, this Court held that the evidence was insufficient to submit the defendant's guilty plea to the jury where the defendant assisted the eight-year-old victim, at the victim's request, in locking the only stall in a public restroom, entered the stall along with the victim and attempted to touch the victim's arm. When the victim resisted, the defendant left the stall, but later took indecent liberties with the victim's five-year-old brother in that same public restroom. Furthermore, in State v. Brown, 162 N.C. App. 333, 590 S.E.2d 433 (2004), this Court refused to extend the scope of the indecent liberties statute to encompass inappropriate language used by the defendant during a telephone conversation with a minor. The Court found that there was simply no evidence that the defendant acted for the "purpose to arouse or gratify sexual desire." Id. at 338, 590 S.E.2d at 437; but see Every, 157 N.C. App. at 206-07, 578 S.E.2d at 648 (holding that repeated, graphic and explicit sexual conversations over the phone concurrent with indicia of masturbation was sufficient to allow a jury to conclude such actions amounted to taking indecent liberties).
We, however, find this case readily distinguishable from Shue and Brown. Unlike the defendants in those cases, the purpose for Defendant's action here - forcibly inserting his tongue into the minor child's mouth - is as apparent as it is criminally culpable. See People v. Calusinski, 314 Ill. App. 3d 955, 961-62, 733 N.E.2d 420, 425-26 (2000) (providing that "french (or tongue) kissing" is an inherently sexual act generally engaged in for the arousal of sexual desire, and that it is difficult to ascribe a nonsexual motivation to such conduct), appeal denied, 193 Ill. 2d 590, 744 N.E.2d 286 (2001). Tongue kissing is simply not an activity, compared to the acts discussed in Shue and Brown, which lends itself to nonsexual interpretation. We therefore conclude that the act and the attenuating circumstances here constitute evidence from which the reasonable fact-finder could infer that Defendant'sintent in tongue kissing the minor victim was for the purpose of arousing or gratifying sexual desire. Accordingly, the trial court did not err in denying Defendant's motion to dismiss.
Having so concluded, we hold Defendant received a fair trial, free from prejudicial error.
No error.
Judges TYSON and GEER concur.
Report per Rule 30(e).