STATE OF NORTH CAROLINA
v.
JIMMY LAWRENCE SHUE.
No. COA05-244
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Alamance County No. 02 CRS 52625; 02 CRS 52626.
Attorney General Roy Cooper, by Assistant Attorney General Amy C. Kunstling, for the State.
Brian Michael Aus for defendant-appellant.
ELMORE, Judge.
Jimmy Lawrence Shue (defendant) appeals from the trial court's decision to sentence him to active time for an indecent liberties charge and assault on a minor charge for which judgment had been continued. He argues that the activation of his sentence for the previously continued judgments, following an appeal of several additional convictions in the previous trial, violates his statutory and due process rights. Further, he argues there was insufficient evidence to support the charge of assault on a minor. We disagree, and uphold the judgments and sentences against defendant.
Prior to this appeal, defendant successfully appealed issues arising from his trial__one of his convictions was reversed. See State v. Shue, 163 N.C. App. 58, 592 S.E.2d 233, cert. denied, 358 N.C. 380, 597 S.E.2d 773 (2004). A jury found defendant guilty of several crimes against two children committed at a restaurant in Burlington on 25 March 2002. Defendant was in the bathroom when P.H., an eight-year-old boy, entered and had some trouble locking the stall door. P.H. asked defendant for assistance. "Defendant, age forty-seven, entered the stall along with P.H. and attempted to engage the lock. Once defendant had successfully locked the stall, he turned towards P.H. and attempted to grab P.H.'s arm. Defendant left the stall when P.H. jerked his arm away. P.H. returned to his family's table." Id. at 59, 592 S.E.2d at 235.
Sometime following P.H.'s return to the table, his younger brother N.H., a five-year-old, went to the bathroom. Just as N.H. finished urinating, defendant entered his stall and closed the door. Defendant then touched N.H.'s penis. Due to N.H.'s extended absence from the table, N.H.'s mother sent P.H. and his cousin K.R. into the bathroom to check on N.H. P.H. testified at trial that he saw defendant leave the stall where N.H. was; K.R. testified that, upon entering the bathroom, he thought he heard defendant tell N.H. to be quiet.
Based on this evidence, defendant was convicted of second-degree kidnapping and indecent liberties for his actions with N.H. and taking indecent liberties and assault on a child for his actions with P.H. The trial court sentenced defendant to an active term on the second-degree kidnapping charge and the charge of indecent liberties against P.H., which together totaled 41 to 59 months imprisonment. The trial court continued prayer for judgment, however, on the assault charge and the other indecent liberties charge. Defendant appealed. This Court upheld his conviction for second-degree kidnapping, but reversed the conviction for the indecent liberties charge with P.H. We held that there was insufficient evidence as to defendant's deviant purpose in entering the stall with P.H., and accordingly the trial court erred in denying defendant's motion to dismiss that count of indecent liberties. Id. at 62, 592 S.E.2d at 236.
Following defendant's appeal, in which his sentence was reduced by 16 to 20 months, the State moved the trial court to enter judgments on the previously continued convictions for indecent liberties with N.H. and assault on P.H. The State asked that defendant be sentenced to a consecutive 16 to 20 month term for the indecent liberties charge against N.H. and a concurrent sentence of 60 days for the assault charge on P.H. The trial court entered judgments accordingly. Defendant appeals.
First, defendant argues that the trial court's entry of judgment on the previously continued judgments violates his due process rights. But this contention is without merit. In State v. Van Trusell, 170 N.C. App. 33, 612 S.E.2d 195 (2005), this Court reviewed the propriety of the trial court granting the State's motion to enter judgment on previously continued judgments after the defendant was successful in an appeal of a related conviction. That case, and its analysis, controls our decision here. There, defendant was convicted of two counts of robbery with a dangerous weapon, first-degree kidnapping, and assault with a deadly weapon. Id. at 35, 612 S.E.2d at 197. The trial court continued judgment on one of the robbery counts and the assault charge; defendant was sentenced to consecutive terms totaling 237 to 312 months on the other charges. Id. Defendant appealed and our Supreme Court reversed his conviction for first-degree kidnapping, but remanded for entry of second-degree kidnapping. After the Supreme Court's mandate, the State filed a motion seeking the trial court to enter a judgment on the previously continued judgments of robbery and assault. The trial court did so, and defendant appealed. Id. at 36, 612 S.E.2d at 197.
After reviewing the relevant case law, including the rationale that might initially lead a trial court to continue a judgment, the Van Trusell Court rejected defendant's due process arguments, "declin[ing] to recognize a presumption of vindictiveness when a trial court sentences on a prayer for judgment following an appeal of a separate conviction." Id. at 42, 612 S.E.2d at 201. Instead, a defendant must show "actual vindictiveness" on behalf of either the trial court or the prosecutor. Id. In Van Trusell, the Court noted the trial court gave a legitimate reason for entry of the judgment and, that absent additional more punitive evidence, there was insufficient evidence suggesting actual vindictiveness. Id. at 44, 612 S.E.2d at 202.
The reason given by the trial court in entering the judgment following appeal was one of equity: prior to the appeal the trial judge felt the sentence was "appropriate," but after the sentence was reduced, the trial judge, in his discretion, felt entry of judgment on the continued charges was proper. Id. This Court agreed; absent a showing of vindictiveness, the trial court does not relinquish its right to impose a sentence on a continued judgment following an appeal when that appeal has upset the equities first weighed by the court allowing the sentence. See id.
Defendant's situation is no different. At the hearing on the State's motion, the trial court noted it had previously continued judgment on the indecent liberty and assault charges due to the fact that defendant was receiving an appropriate sentence. In imposing the sentences pursuant to the State's motion, the trial court further noted that it was not increasing defendant's sentence any more than he initially received. And in bringing the motion, the State argued a similar legitimate reason for imposing a sentence on the continued judgments.
We're simply asking the Court to impose a judgment in the indecent liberties with a child case that the Court previously continued judgment on. We're asking the Court to impose a 16 to 20 month active sentence to run at the expiration of the kidnapping charge, in essence, giving Mr. Shue the exact same sentence he had received upon the initial entry of judgment back at the original trial.
We'd also ask the Court to enter a judgment on the assault on the child under 12 charge and do with that whatever the Court wishes. But in this particular case, the assault on a child case regards [P.H.]. The case that was reversed involved [P.H.]. Your Honor  the State's asking that judgment be entered in that case just so that the victim in that case, [P.H.], gets some justice in his name.
. . .
The Court did Mr. Shue  I would say that the Court did Mr. Shue a favor by allowing those two cases not to be imposed  judgments not to be imposed at the time. We're simply asking now that the judgments be imposed and that he receive what he received initially. Not asking for anything more, Your Honor.
Accordingly, since defendant has brought forth no evidence of actual vindictiveness, and we can find none ourselves, we hold there was no violation of defendant's due process rights. See State v. Lea, 156 N.C. App. 178, 181, 576 S.E.2d 131, 133 (2003) (no error in imposing sentences following appeal on continued judgments where the "State sought to ensure that defendant suffered some consequences for his criminal conduct.").
Defendant also argues that the judgment violates section 15A-1335 of our General Statutes. Foremost, this argument is not properly before us. Defendant's relevant assignment of error states the imposition of a sentence on the continued judgment "was in violation of the Defendant's Federal and State Constitutional rights." This assignment of error does not encompass the legal argument that the judgment was entered in violation of any statute. See N.C.R. App. P. 10(c)(1). Notably though, even if the argument were properly before us, it is meritless. Section 15A-1335 states that after a conviction or sentence has been set aside by an appellate court, a trial court may not impose upon a defendant a more severe sentence than the previous one set aside. See N.C. Gen. Stat. § 15A-1335 (2005) ("When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served."). This statute does not come into play when dealing with continued judgments; when the sentence is ultimately rendered upon the continued judgment it is the first or original sentence, no prior sentence or conviction has been "set aside." See State v. Pakulski, 106 N.C. App. 444, 452, 417 S.E.2d 515, 520 (imposition of life sentence for previously arrested judgment of armed robbery was not implicated by section 15A-1335 because the sentence did "not constitute a resentencing within the meaning of [the statute]"), disc. review denied, 332 N.C. 670, 424 S.E.2d 415 (1992).
Second, defendant argues there was insufficient evidence to support an assault charge against P.H. We disagree. As this Court has previously stated, we review the evidence on a motion to dismiss in the light most favorable to the State, and it is entitled to all reasonable inferences drawn from the evidence.
When considering a motion to dismiss for insufficient evidence, the trial court must determine whether there is substantial evidence of each element of the offense and that the defendant committed the offense. State v. Irwin, 304 N.C. 93, 97, 282 S.E.2d 439, 443 (1981). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" State v. Smith, 150 N.C. App. 138, 140, 564 S.E.2d 237, 239, (quoting State v. Vause, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991) (citations omitted)), cert. denied, 355 N.C. 756, 566 S.E.2d 87 (2002). All evidence is to be considered in the light most favorable to the State and all reasonable inferences are to be drawn therefrom. Irwin, 304 N.C. at 98, 282 S.E.2d at 443. Where there is a reasonable inference of a defendant's guilt from the evidence, the jury must determine whether that evidence "convinces them beyond a reasonable doubt of defendant's guilt." Id.

Shue, 163 N.C. App. at 60, 592 S.E.2d at 235. "`There is no statutory definition of assault in North Carolina, and the crime of assault is governed by common law rules.'" State v. Mitchell, 358 N.C. 63, 69-70, 592 S.E.2d 543, 547 (2004) (quoting State v. Roberts, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967)). Our Supreme Court has defined assault as:
an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.
Id. (internal quotations omitted). Here, an eight-year-old boy was confined in a bathroom stall with defendant, a forty-seven-year-old male stranger. Defendant, although asked by P.H. to help with the lock on the door, had no reason to remain in the same stall with P.H. And, while standing in front of the locked stall door, defendant had no reason to reach out for P.H.'s arm. P.H. testified that defendant's action's "scared" him and he pulled away. After defendant opened the stall door, P.H. immediately returned to his table without using the bathroom. In the light most favorable to the State, this evidence supports presenting the charge of assault on a child under the age of twelve to the jury.
Based on the foregoing, and having reviewed defendant's other arguments, we find no error in the trial court's entry of active sentences on the previously continued judgments of indecent liberties and assault.
No error.
Judges McCULLOUGH and LEVINSON concur.
Report per Rule 30(e).