TYSON, Judge, concurring in part and dissenting in part.
The majority's opinion finds no error in the trial court's denial of all of defendant's motions to dismiss. I agree defendant has failed to show prejudicial errors in the trial court's denial of the motion to dismiss the five charges of sexual offense or in the denial of defendant's motion to dismiss the attempted sexual offense, which occurred inside defendant's vehicle. I disagree with the majority opinion's conclusion to uphold the trial court's ruling that the State presented substantial evidence of any overt act by the defendant to support the separate, purported attempted sexual offense against Dee while inside of A.M.'s house. I concur in part and respectfully dissent in part.
A person is guilty of a statutory sexual offense if the perpetrator is at least eighteen years old and engages in a sexual act with a victim under the age of thirteen. N.C. Gen. Stat. § 14-27.4A (2013). In the statute, a "sexual act" excludes vaginal intercourse, but includes "cunnilingus, fellatio, analingus, or anal intercourse" and "penetration, however slight, by any object into the genital or anal opening of another person's body."
*46 State v. Minyard, 231 N.C. App. 605, 616, 753 S.E.2d 176, 185 (2014) (citation omitted).
"The elements of an attempt to commit any crime are: (1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation, but (3) falls short of the completed offense." State v. Miller , 344 N.C. 658, 667, 477 S.E.2d 915, 921 (1996) (citations omitted).
Defendant does not dispute his or Dee's age, but argues insufficient evidence was presented of either his purported intent to engage in sexual acts with Dee or of any purported overt act in furtherance of that intention. Defendant was convicted on two counts of attempted sexual offense, based upon two specific and unrelated instances .
The first incident, which we all agree the State presented substantial evidence of an attempt, was defendant's attempt to put his hand up Dee's skirt while they were inside his vehicle with her mother on or about 19 July 2013. The second incident of attempted sexual offense purportedly occurred between 27 July 2013 and 29 July 2013. Defendant had requested of Dee's mother, A.M., on 27 July 2013 to have Dee wear a dress without wearing underwear, because he was planning to visit. Though he did not come over that day or the next day, defendant arrived at A.M.'s house on 29 July 2013, where he was arrested. Contrary to the majority's opinion, our precedents support neither defendant's request of A.M. nor his arrival at her house to constitute an overt act to meet the elements of the attempted sexual offense.
An unlawful attempt requires an overt act which must be
adapted to, approximating, and which in the ordinary and likely course of things would result in the commission thereof. Therefore, the act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation. It must not be merely preparatory.
State v. Price , 280 N.C. 154, 158, 184 S.E.2d 866, 869 (1971) (citation omitted). In cases involving other offenses, "mere words" or mere preparation have not been adequate to support a conviction for attempt.
In State v. Daniel , the jury was instructed that if the defendant had "cursed" the victim, "and ordered him to come to him, and [the victim] obeyed through fear, the defendant was guilty of an assault."
*137 136 N.C. 571, 573, 48 S.E. 544, 544 (1904). Our Supreme Court held that "[m]ere words, however insulting or abusive, will not constitute an assault," but *47 "[w]here an unequivocal purpose of violence is accompanied by any act which, if not stopped or diverted, will be followed by personal injury, the execution of the purpose is then begun and there has been a sufficient offer or attempt." Id. at 574, 48 S.E. at 545.
In attempted robbery with a dangerous weapon cases, words accompanied by the defendant's drawing out a firearm was held enough to show both intent to commit robbery and an overt act in furtherance thereof. See, e.g. , State v. Davis , 340 N.C. 1, 13, 455 S.E.2d 627, 633 (1995) ("defendants drew their pistols, and [one] told the victim, 'Buddy, don't even try it.' Such actions have been held to be sufficient evidence of attempted armed robbery even without a demand for money or property"); State v. Taylor , 362 N.C. 514, 539, 669 S.E.2d 239, 261 (2008) (the defendant approached the victim "from behind, pointed a gun at him, and indicated he should 'stay still' and empty his pockets. These words and actions are evidence of both defendant's intent to rob ... and an 'overt act calculated to bring about' that result." (citation omitted)).
Drawing a gun on a victim, along with some type of statement is enough "in the ordinary and likely course of things [to] result in the commission" of robbery. See Price , 280 N.C. at 158, 184 S.E.2d at 869. Conversely, defendant's request to Dee's mother is more analogous to the "mere words" used in the cases cited above, and is easily distinguished from defendant's attempt inside his vehicle, which we all agree sustains that separate conviction, but which cannot be used to "bootstrap" an overt act for the other attempt conviction.
The facts of State v. Miller , 344 N.C. 658, 477 S.E.2d 915 (1996), cited in the majority's opinion, are consistent with the aforementioned attempted robbery cases where words plus the drawing of a gun were enough to constitute an overt act. However, in this instance, defendant's message to A.M. requesting her to have Dee wear a dress without her wearing underwear does not rise to the level of an overt act. Further, no evidence tends to show if A.M. had dressed Dee as defendant had requested when he arrived and was arrested at her home two days later. Viewed in the light most favorable to the State and consistent with precedents, these words are best described as merely preparatory. See Price , 280 N.C. at 158, 184 S.E.2d at 869.
The majority's opinion also asserts defendant's travel to A.M.'s house on the day of his arrest was an overt act to support an unlawful attempt to commit a sexual act on Dee that day. Defendant's going over to A.M.'s house two days after his text request did not "amount to the commencement of the consummation [of a sexual act]. It [was] merely *48 preparatory." Price , 280 N.C. at 158, 184 S.E.2d at 869. I respectfully disagree this action was an overt act to support this conviction.
After extensive review of the precedents and controlling case law, no attempted sexual offense case exists where an overt act to support the charge was not identified. In a case alleging an attempted first-degree rape, this Court found no overt act occurred to support the conviction for attempt, even though the defendant therein, attacked a woman inside a public bathroom, demanded that she roll onto her stomach, and touched her side with his hand. State v. Walker , 139 N.C. App. 512, 518, 533 S.E.2d 858, 861 (2000). Though this Court found the attack was vicious, "there was insufficient evidence that defendant manifested, by an overt act, a sexual motivation for his attack on the victim." Id. Because a conviction for an attempt can only be sustained through substantial evidence of intent and an overt act , mere words or defendant's preparation alone is not an overt act to support this conviction for attempt. See id.
Conversely, and consistent with the other attempt conviction before us, which we affirm, the overt acts identified in attempted sexual offense cases clearly would have led to the completion of the sexual offense. See, e.g. , Minyard , 231 N.C. App. at 618, 753 S.E.2d at 186 (finding an overt act where the defendant placed his penis on the victim's buttocks); State v. Henderson , 182 N.C. App. 406, 412-13, 642 S.E.2d 509, 513 (2007) (finding an overt act where the defendant removed his *138 pants, walked into the room where his daughter was, stood in front of her, and requested that she put his penis in her mouth); State v. Buff , 170 N.C. App. 374, 380, 612 S.E.2d 366, 371 (2005) (finding "several overt acts" occurred where the defendant had touched the victim's breast and vaginal area).
The majority's opinion points to other instances where Dee had previously been victimized as a result of the plan between defendant and A.M. to "groom" Dee for sexual acts. While these other instances may support the other crimes for which defendant was convicted, they cannot be applied to the particular offense of the purported attempted sexual act in A.M.'s house on the date of defendant's arrest two days after he made his request to her mother for her to dress Dee in a certain manner. See State v. Shue , 163 N.C. App. 58, 62, 592 S.E.2d 233, 236 (2004) (evidence of taking indecent liberties with one brother cannot be used to show an attempt to commit indecent liberties with the other brother, even though the defendant entered the bathroom stall with the child, fixed the lock, grabbed the child's arm, and then exited the stall).
The majority's opinion also cites State v. Key to support its assertion that defendant's mere presence at A.M.'s house, alone, was an overt act.
*49 Key involved charges of, inter alia , first-degree rape and attempted second-degree burglary. 180 N.C. App. 286, 288, 636 S.E.2d 816, 819 (2006). The majority's opinion cites to the discussion in the case concerning the attempted burglary. A defendant standing in the doorway of a home may constitute an overt act for an attempted burglary conviction, but such an action is inapplicable to, and does not support a conviction for, an attempted sexual offense or the particular facts of this case.
The "elements of second-degree burglary are: (1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or sleeping apartment (5) of another (6) with the intent to commit a felony therein." Id. at 292, 636 S.E.2d at 821 (quoting State v. Rick , 342 N.C. 91, 101, 463 S.E.2d 182, 188 (1995) ). This Court found a defendant standing in the doorway of a house is evidence of his intent to commit a burglary, where he would have to break and enter another's house. Key , 180 N.C. App. at 293, 636 S.E.2d at 822. This Court also found this action was an overt act, beyond mere preparation, to commit a burglary. Id. However, such behavior is inapplicable to support the conviction of an attempted sexual offense, because breaking and entry into a dwelling is not an element of the statutory sexual offense. See Minyard, 231 N.C. App. at 616, 753 S.E.2d at 185.
The majority's opinion also purports to distinguish the facts and holding in State v. Walker , by asserting that case was decided based on the defendant's intent, which was not demonstrated by an overt act. 139 N.C. App. at 518, 533 S.E.2d at 861. However, intent is often proved through a finding of an overt act. See Key , 180 N.C. App. at 293, 636 S.E.2d at 822. Intent, standing alone without an overt act, is not an attempt.
Evidence of an overt act is required to support an attempt conviction because "without it there is too much uncertainty as to what the [defendant's] intent actually was." State v. Bell , 311 N.C. 131, 141, 316 S.E.2d 611, 616 (1984) (citation omitted). While we may agree defendant may have planned and intended to perform sexual acts on Dee at some point, the State's evidence is insufficient to prove he intended and attempted to do so on the day he was arrested.
Defendant came over to A.M.'s house two days after had he made his request to A.M. to dress Dee in a specific manner. No evidence was presented concerning how Dee was dressed the day defendant was arrested or showing defendant had or attempted any contact with her. Intent, often proven through overt acts, must correlate to "the time of the offense at issue." See Shue , 163 N.C. App. at 62, 592 S.E.2d at 236.
*50 The State failed to present any substantial evidence of an overt act to support the conviction that defendant attempted to commit a sexual offense on Dee in A.M.'s house. I disagree with the conclusion of no error in the trial court's denial of defendant's motion to dismiss this attempt charge. This conviction should be reversed and the case remanded for resentencing. I concur in the majority's *139 opinion's holding of no error for the defendant's other convictions, but respectfully dissent from the conclusion of no error in the defendant's conviction of an attempted sexual offense at A.M.'s house.