**STATE v. TRUSELL**

[144 N.C. App. 445 (2001)]

STATE OF NORTH CAROLINA v. WILLIAM VAN TRUSELL

No. COA00-938

(Filed 19 June 2001)

### Sentencing— firearms enhancement statute—second-degree kidnapping—minimum and maximum terms of imprisonment

The trial court properly applied the firearms enhancement statute in its calculation of defendant's minimum and maximum terms of imprisonment for second-degree kidnapping, because: (1) N.C.G.S. § 14-2.2(a) allows defendant's minimum term of twenty-nine months to properly be enhanced, by an additional sixty months, to eighty-nine months based on defendant's possession of a firearm during the commission of the crime; and (2) N.C.G.S. § 15A-1340.17(e) calls for a maximum sentence of 116 months if a minimum sentence of eighty-nine months is imposed.

Appeal by defendant from amended judgment dated 14 April 2000 by Judge Wiley F. Bowen in Lee County Superior Court. Heard in the Court of Appeals 22 May 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Harrington, Ward, Gilleland & Winstead, L.L.P., by Eddie S. Winstead, III, for defendant-appellant.*

GREENE, Judge.

William Van Trusell (Defendant) appeals an amended judgment dated 14 April 2000 entered consistent with his plea of guilty to second-degree kidnapping and sentencing him to a minimum term of 89 months and a maximum term of 116 months.

In judgments entered 1 May 1997, Defendant was convicted of first-degree kidnapping, misdemeanor assault with a deadly weapon, and two counts of armed robbery. Defendant appealed those convictions and in an unpublished opinion, a divided panel of this Court found no error in Defendant's convictions. On appeal to the North Carolina Supreme Court, based on a dissenting opinion, the Supreme Court reversed the decision of this Court and vacated Defendant's conviction for first-degree kidnapping and remanded to this Court for further remand to the trial court for entry of a verdict for second-

degree kidnapping and resentencing on second-degree kidnapping. *State v. Trusell*, 351 N.C. 347, 524 S.E.2d 804 (2000) (per curiam).

On remand, the trial court held a hearing to resentence Defendant for second-degree kidnapping. The trial court determined second-degree kidnapping was a "Class E" felony and Defendant had a prior record level of two. In a judgment dated 14 April 2000, the trial court sentenced Defendant within the presumptive range with a minimum of 29 months and "impose[d] a firearms enhanced sentence of 89 months minimum and maximum of 125 months." The trial court later amended the judgment and sentenced Defendant to a minimum term of 89 months and a maximum term of 116 months.

---

The dispositive issue is whether the trial court properly applied the firearms enhancement statute in its calculation of Defendant's minimum and maximum terms of imprisonment.

Defendant does not dispute his sentence was subject to the firearms enhancement statute. Defendant, however, argues the trial court did not properly apply the terms of the firearms enhancement statute to his sentence for second-degree kidnapping. We disagree.

A judgment sentencing a defendant to a term of imprisonment for the commission of a felony must contain both a minimum term of imprisonment and a maximum term of imprisonment. N.C.G.S. § 15A-1340.13(c) (1999). If a person who is convicted of a Class E felony "used, displayed, or threatened to use or display a firearm during the commission of the felony, the person shall, in addition to the punishment for the underlying felony, be sentenced to a minimum term of imprisonment for 60 months." N.C.G.S. § 14-2.2(a) (1999); *see* N.C.G.S. § 15A-1340.16A(a) (1999). Neither section 14-2.2(a) nor section 15A-1340.16A(a) instructs the trial court on how to determine the maximum sentence once a defendant's minimum sentence has been enhanced. Section 15A-1340.13(c), however, does instruct a trial court, generally, on how to determine the maximum sentence to be imposed once a minimum sentence has been determined. Unless otherwise indicated, "[t]he maximum term of imprisonment applicable to each minimum term of imprisonment is . . . as specified in G.S. 15A-1340.17." N.C.G.S. § 15A-1340.13(c). Thus, after the trial court has enhanced the minimum term of imprisonment, the trial court is to determine the applicable maximum term of imprisonment by utilizing the chart found in N.C. Gen. Stat. § 15A-1340.17(e).

**STATE v. TRUSELL**

[144 N.C. App. 445 (2001)]

In this case, based on Defendant's prior record level, the trial court sentenced Defendant to a minimum term of 29 months. Because Defendant possessed a firearm during the commission of the crime, that minimum sentence (29 months) was properly enhanced (by 60 months) to 89 months. The chart contained in 15A-1340.17(e) unequivocally calls for a maximum sentence of 116 months if a minimum sentence of 89 months is imposed. N.C.G.S. § 15A-1340.17(e) (1999). Accordingly, the trial court did not err in sentencing Defendant to a minimum term of 89 months and a maximum term of 116 months.

Affirmed.

Judges TIMMONS-GOODSON and SMITH concur.