STATE OF NORTH CAROLINA
v.
ISIAH NMN DIXON, Defendant.
No. COA09-429.
Court of Appeals of North Carolina.
Filed November 17, 2009.
This case not for publication
Attorney General Roy A. Cooper, III, by Special Deputy Attorney General W. Richard Moore, for the State.
Kathryn L. VandenBerg, for defendant-appellant.
STROUD, Judge.
Defendant Isaiah Dixon appeals from judgments entered upon his convictions for assault with a deadly weapon with intent to kill inflicting serious injury, robbery with a dangerous weapon, attempted robbery with a dangerous weapon, and breaking or entering a motor vehicle. After careful review, we find no error.
On 6 May 2007, Christopher Darrell Keith and Michael Chavis were working at Columbus Court, a construction project in Columbus County, North Carolina. Sometime around 8 p.m., Keith and Chavis were finishing their work for the day and were preparing to leave. As Keith turned the corner of his truck, he noticed a
group of . . . African Americans . . . standing there. By the time I rounded the truck, I saw a guy in a ski mask, automatically he said something, yelled something, and just pulled the trigger. And I saw a big blur of fire come out of the gun. Felt a shot to my stomach.
After being shot, Keith attempted to warn Chavis. However, he became dizzy and light-headed and had to lie down. At that point, the man with the mask held a shotgun over him and Keith was ordered to hand over his wallet. Keith gave the man his wallet, while someone went through his pockets and took out the keys to his truck. Keith testified that Chavis was then made to sit on the ground next to him and was searched. Eventually, the men left his side and "rifled" through his truck. Keith testified that he begged the gunman not to hurt him and told him "you can have everything you want." In response, the gunman hit him in the head with the butt end of the gun. The gunman then left and Chavis called the police.
On 9 May 2007, Sergeant Andre Jackson of the Whiteville Police Department was on patrol when he saw two people walking up the street sometime around 1:00 a.m. Sergeant Jackson testified that the two people were young, so he stopped them and learned their names. Sergeant Jackson ascertained that the defendant, who was sixteen, had been reported missing by his mother. Sergeant Jackson transported defendant to the police department.
At the police department, Detective Bobby Fowler provided defendant with his Miranda warnings and proceeded to ask him whether he had any information regarding the robbery and shooting at Columbus Court. After signing a waiver of rights form, defendant provided Sergeant Jackson and Detective Fowler with a statement describing his involvement in the crime. Detective Fowler wrote down the statement and signed it, and Sergeant Jackson signed the written statement as a witness. The statement said:
Isiah [sic] Dixon stated he was at the Trade Mart with Bruce, Hassan, Eustece (Hunter), when they were discussing that two guys were working at Columbus Court. Isiah also stated that Hassan's brother (unknown name) was also present. The five talked about going to Columbus Court Apts[.] to steal a truck from the workers. Once the five get to Columbus Court they confront Christopher Darrell Keith at gunpoint. At this point Isiah Dixon states Bruce shots [sic] the man after he is robbed at gunpoint. At this point Isiah states Bruce shots [sic] Christopher who falls to the ground. At this point Isiah states the man is lying on the ground bleeding. Isiah states while Christopher Keith is on the ground bleeding he enters his truck going through his personal items. After this Isiah states that at this point Michael Chavis who is also working at Columbus Court is robbed at gun point. After the second guy is robbed Isiah states they all run away from the scene. Isiah states he does not know where the gun is but he could identify the other guys if he could see a line up. Isiah also stated he has not talked to Eustece ("Refer") Hunter since the shooting.
Defendant was convicted of assault with a deadly weapon with intent to kill inflicting serious injury, robbery with a dangerous weapon, attempted robbery with a dangerous weapon, and breaking or entering a motor vehicle. The trial court sentenced defendant to three consecutive terms of sixty to eighty-one months imprisonment. Defendant appeals.
Defendant first argues that there was insufficient evidence that he acted in concert to commit the offenses of assault with a deadly weapon with intent to kill inflicting serious injury, robbery with a dangerous weapon, and attempted robbery with a dangerous weapon. Defendant contends that the evidence showed that he joined others to commit larceny of a truck, and the offenses charged were neither a natural consequence nor in furtherance of the original plan. Defendant asserts that there was no evidence that he knew one of the group had a gun and that the use of the weapon was not necessary to the planned theft of the truck. We do not agree.
To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Id. at 717, 483 S.E.2d at 434 (citations and quotations omitted). In the case sub judice, defendant was convicted under the theory that he acted in concert to commit the charged offenses.
[I]f two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose . . . or as a natural or probable consequence thereof.
State v. Mann, 355 N.C. 294, 306, 560 S.E.2d 776, 784 (citations and quotations omitted), cert. denied, 537 U.S. 1005, 154 L. Ed. 2d 403 (2002). Defendant's own statement to police reveals that he joined in purpose with the other men to steal Keith's truck and was actually present at the scene. It was entirely foreseeable and a natural consequence of their plan to steal the truck from Keith that the men might rob Keith of other property. In fact, defendant's statement reveals that he entered the truck after Keith had been shot and went through his personal items. It was also equally foreseeable and a natural consequence of their plan that use of some force might be required to commit the larceny, and that as a natural or probable consequence, an assault might occur. Furthermore, in the light most favorable to the State, the evidence demonstrating that a shotgun was used during the offense and this makes it unlikely that defendant would have been unaware of its presence. Therefore, because defendant acted in concert in committing the robbery, he may also be found guilty of robbery with a dangerous weapon and assault with a deadly weapon with intent to kill inflicting serious injury based on "Bruce's" use of a shotgun to assault Keith in order to accomplish the robbery. See State v. Johnson, 164 N.C. App. 1, 12-13, 595 S.E.2d 176, 183 (evidence sufficient to show defendant acted in concert to commit robbery with a dangerous weapon when he and two co-defendants planned to rob someone by having unarmed defendant frighten victims, but co-defendant instead menaced victims with a shotgun, and defendant took the victims' money), appeal dismissed and disc. rev. denied, 359 N.C. 194, 607 S.E.2d 658, 659 (2004), cert. dismissed, 651 S.E.2d 369 (N.C. 2007). Accordingly, when taken in the light most favorable to the State, we conclude the evidence was sufficient to show defendant committed the offenses of robbery with a dangerous weapon, attempted robbery with a dangerous weapon, and assault with a deadly weapon with intent to kill inflicting serious injury under the theory of acting in concert.
Defendant next argues that the trial court erred by allowing the State's motion to amend the indictment from robbery with a dangerous weapon to attempted robbery with a dangerous weapon. Defendant contends that, because he was prosecuted under the theory that he acted in concert, the amendment substantially altered the elements of the offense.
After careful review of the record, briefs and contentions of the parties, we find no error. N.C. Gen. Stat. § 15A-923(e)(2007) states that "[a] bill of indictment may not be amended." However, this statute "has been construed to mean only that an indictment may not be amended in a way which would substantially alter the charge set forth in the indictment." State v. May, 159 N.C. App. 159, 162, 583 S.E.2d 302, 304 (2003) (citations and quotations omitted). Thus, allowing amendment of an indictment does not constitute reversible error unless the item amended was an essential element of the offense. Id. See also State v. Brady, 147 N.C. App. 755, 759, 557 S.E.2d 148, 151 (2001) (no error where after the jury was empaneled, the indictment was amended, changing the controlled substance named from "Xanax" to "Percocet," because the change did not substantially alter the charge against the defendant). Furthermore,
[a]n indictment has been held to be constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense, to protect him from subsequent prosecution for the same offense, and to enable the court to know what judgment to pronounce in the event of conviction.
State v. Van Trusell, 170 N.C. App. 33, 36, 612 S.E.2d 195, 197-98 (citation omitted), disc. review denied, 359 N.C. 856, 620 S.E.2d 196 (2005).
Here, defendant was charged with robbery with a dangerous weapon. The indictment was amended to change the charge to attempted robbery with a dangerous weapon. The crimes of both attempted robbery with a dangerous weapon and robbery with a dangerous weapon are governed by N.C. Gen. Stat. § 14-87(a) (2007):
Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.
"[O]ur Supreme Court has held that an attempt to take money or other personal property from another under the circumstances delineated by G.S. 14-87 constitutes, by the terms of that statute, an accomplished offense, and is punishable to the same extent as if there was an actual taking." Van Trusell, 170 N.C. App. at 37, 612 S.E.2d at 198 (quotations and citation omitted). "Thus, our Courts have found the elements of attempted robbery with a dangerous weapon to be the same as robbery with a dangerous weapon." Id. (emphasis added).
In Van Trusell, this Court stated that:
As a showing of a taking is not a necessary element of the crime of robbery with a dangerous weapon, an indictment amended from attempted robbery with a dangerous weapon to robbery with a dangerous weapon sufficiently apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense, and to protect him from subsequent prosecution for the same offense. Further, as the classifications and punishments of the crimes of attempted robbery with a dangerous weapon and robbery with a dangerous weapon are identical, such an amendment to an indictment does not deprive the court of knowledge as to the judgment to pronounce in the event of conviction. Therefore, as the indictment did not substantially alter the charge, we find that the trial court did not err in amending the indictment for robbery with a dangerous weapon.
Id. at 37-38, 612 S.E.2d at 198. In accordance with Van Trusell, we conclude that the amendment of the indictment was not a substantial alteration. Accordingly, we find no error.
Defendant's remaining assignments of error not brought forth or argued on appeal are deemed abandoned. N.C.R. App. P. 28(a).
No error.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).