An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1167

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

|  |  |
|---|---|
| v. | Buncombe County |
|  | Nos. 12CRS000495, |
| JASON LEE MUTTER, | 12CRS053764-65, |
| Defendant. | 12CRS054197 |

Appeal by defendant from judgments entered on or about 10 April 2013 by Judge Robert C. Ervin in Superior Court, Buncombe County. Heard in the Court of Appeals 10 April 2014.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Terence D. Friedman, for the State.*

*James W. Carter, for defendant-appellant.*

STROUD, Judge.

Defendant appeals judgments for felony possession of stolen goods/property, possession of burglary tools, felony breaking and/or entering, larceny after breaking and/or entering, and obtaining the status of habitual felon. For the following reasons, we find no error.

I.   Background

In the early afternoon of 3 April 2012, Mr. Shawn Hefner saw a woman knocking on his neighbor's door. When Mr. Hefner began walking toward the woman, he saw defendant run from behind his neighbor's house carrying a black box. Both defendant and the woman left in a "[g]reenish gray" Neon.

When Ms. Cheri Osteen, Mr. Hefner's neighbor, returned home, she found that her back door had been pried open and her jewelry box containing most of her jewelry was missing from her home. Two days later, law enforcement officers pulled over defendant and his wife in a gray Neon; inside the car they found defendant's wife's purse which contained Ms. Osteen's jewelry. In the trunk of the car, the officers found two two-way radios and gloves.

Defendant was indicted for possession of burglary tools, felony possession of stolen goods/property ("felony possession"), felony breaking and/or entering ("felony B&E"), larceny after breaking and/or entering ("larceny"), and obtaining the status of habitual felon. A jury found defendant guilty of all of the charges. The trial court arrested judgment on defendant's conviction for felony possession, dismissed the conviction for possession of burglary tools, and sentenced

defendant to a minimum of 120 months and a maximum of 156 months imprisonment on the other convictions.  Defendant appeals.

## II.  In-Court Identification

Both on direct and cross-examination Mr. Hefner identified defendant as the individual he saw leaving his neighbor's home with the black box; defendant did not object to these in-court identifications.  Defendant contends Mr. Hefner's description of him improved from the time of the incident up until he identified defendant during trial and that "[t]here is no good explanation of how Mr. Hefner's memory improved from the incident on 3 April 2012, to the interview with the police on 4 April 2013, and his testimony at trial on 9 April 2013." Defendant argues that "the Trial Court should have applied the *Manson* factors to Mr. Hefner's statement" and due to its failure to do so the trial court "committed plain error in allowing the impermissibly suggestive in-court identification of . . . [defendant] by Mr. Hefner." (Original in all caps.); *see State v. Harding*, 110 N.C. App. 155, 161, 429 S.E.2d 416, 420 (1993) ("Due to defendant's failure to object at trial, we must review this objection under the plain error rule.")

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant

> must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations, quotation marks, and brackets omitted). Furthermore, our Supreme Court has established that "[a] prerequisite to our engaging in a plain error analysis is the determination that the instruction complained of constitutes error at all." *State v. Torain*, 316 N.C. 111, 116, 340 S.E.2d 465, 468, (quotation marks omitted), *cert. denied*, 479 U.S. 836, 93 L.Ed. 2d 77 (1986).

Turning to *Manson v. Braithwaite*, we note that the factors defendant contends the trial court should have used are for the trial court to use in considering the possibly "corrupting effect of the suggestive identification" that happened out of court. 432 U.S. 98, 114, 53 L.Ed. 2d 140, 154 (1977). For instance, in *Manson*, the witness had previously seen a photograph of the defendant prior to trial. *Id.* at 101, 53 L.Ed. 2d at 146. In *Neil v. Biggers*, the case *Manson* cites for the factors, 432 U.S. at 114, 53 L.Ed. 2d at 154, the factors were also used regarding a question about a suggestive showup

that happened prior to the in-court identification. 409 U.S. 188, 34 L.Ed. 2d 401 (1972).

Here, there was no suggestive or corrupt out-of-court identification of defendant and there was actually no evidence of suggestion or corruption prior to or regarding the in-court identification. In fact, there was no indication of any prior out-of-court identification at all. As defendant himself states in his brief, "Mr. Hefner could not remember giving any statement on the day of the incident and did not talk to the police again for over a year after the incident and never participated in any identification procedure to identity the people he saw at the Osteen's home." Since there was no prior out-of-court identification, the factors in *Manson* are not applicable. *Compare Manson*, 432 U.S. 98, 53 L.Ed. 2d 140; *Biggers*, 409 U.S. 188, 34 L.Ed. 2d 401. Defendant is actually attempting to challenge the credibility of the witness, but the "[d]etermination of [a] witness's credibility is for the jury." *State v. Espinoza-Valenzuela*, 203 N.C. App. 485, 494, 692 S.E.2d 145, 153, *disc. review denied*, 364 N.C. 328, 701 S.E.2d 238 (2010). We find no error in admission of the evidence of the in-court identification of defendant.

III. List of Property Recovered

Defendant next contends that during his trial a law enforcement officer "read into evidence an inventory list of a search warrant he executed on 5 April 2013 at Room 306 of Motel 6." The list "included jewelry, a tool box and a large screened TV." Defendant did not object to the list being read or admitted into evidence. Defendant argues that "the trial court . . . committed plain error in admitting an irrelevant list of property recovered at a motel when there was no connection between . . . [defendant] and the room." (Original in all caps.) As defendant failed to object to the list, we review for plain error. *Harding*, 110 N.C. App. at 161, 429 S.E.2d at 420. Considering Mr. Hefner's identification of defendant as the man who came from behind his neighbor's house carrying a black box, Mr. Hefner's description of a gray Neon at the crime scene, Ms. Osteen's testimony regarding her missing jewelry box, and defendant later being pulled over in a gray Neon with a purse which contained Ms. Osteen's jewelry, any alleged error regarding the list of property did not have "a probable impact on the jury's finding that the defendant was guilty." *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334.

IV. Jury Instructions

Defendant next challenges part of the jury instruction regarding his conviction for felony possession.  However, because judgment was arrested on this conviction, we will not address any issues regarding it on appeal.  *See State v. Moore*, 339 N.C. 456, 468, 451 S.E.2d 232, 238 (1994) ("This argument is moot since we have arrested judgment[.]")

V.   Motion to Dismiss

Defendant next contends that the trial court erred in denying his motion to dismiss the charges of felony B&E, larceny, and felony possession based upon the insufficiency of the evidence.

> The standard of review for a motion to dismiss is whether there is substantial evidence of each essential element of the crime and whether the defendant was the perpetrator of the crime.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.

*State v. Braswell*, ___ N.C. App. ___, ___, 729 S.E.2d 697, 701-02, *review denied and appeal dismissed*, 366 N.C. 412, 735 S.E.2d 338 (2012) (citations and quotation marks omitted).

"The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein. The breaking or entering must be without the consent of the owner or occupant." *State v. Johnson*, 208 N.C. App. 443, 448, 702 S.E.2d 547, 550 (2010) (citation and quotation marks omitted); *see* N.C. Gen. Stat. § 14-54(a) (2011). "To convict a defendant of felonious larceny, it must be shown that he: (1) took the property of another, (2) with a value of more than $1,000.00, (3) carried it away, (4) without the owner's consent, and (5) with the intent to deprive the owner of the property permanently." *State v. Owens*, 160 N.C. App. 494, 500, 586 S.E.2d 519, 523-24 (2003); *see* N.C. Gen. Stat. § 14-72(b)(2).

Mr. Hefner observed defendant running from the back of Ms. Osteen's home carrying a black box. Thereafter, Ms. Osteen returned home to find the door of her home pried open and her jewelry box containing most of her jewelry, valued at over $1,000, missing. This constitutes sufficient evidence of felony B&E and larceny. *See Johnson*, 208 N.C. App. at 448, 702 S.E.2d at 550; *Owens*, 160 N.C. App. at 500, 586 S.E.2d at 523-24. Furthermore, as the judgment for felony possession has been arrested, any arguments regarding this conviction on appeal are

moot. *See Moore*, 339 N.C. at 468, 451 S.E.2d at 238. As such, these arguments are overruled.

## VI. Ineffective Assistance of Counsel

Lastly, defendant contends that his attorney was ineffective because he failed to object to the in-court identification, the admission of the list of recovered property, and a jury instruction regarding felony possession.

> The United States Supreme Court has enunciated a two-part test for determining whether a defendant received ineffective assistance of counsel. Under the *Strickland* test, for assistance of counsel to be ineffective:
> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
> This test was adopted by the North Carolina Supreme Court in *State v. Braswell*, . . . . The first element requires a showing that counsel made serious errors; and the latter requires a showing that, even if counsel made an unreasonable error, there is a reasonable probability that, but for counsel's errors, there would have been a

different result in the proceedings. *State v. Cameron*, ___ N.C. App. ___, ___, 732 S.E.2d 386, 389 (2012).

As we have already noted, the in-court identification of defendant was not error. We have already determined that exclusion of the list of property would not have changed the outcome, considering the eyewitness identification; evidence that defendant was found in a vehicle matching the description of the car in which the man who took the box left Ms. Osteen's residence; and that this car contained a purse in which Ms. Osteen's jewelry was found. *See id.* Lastly, the jury instruction is not reviewable on appeal as the judgment was arrested for felony possession. *See Moore*, 339 N.C. at 468, 451 S.E.2d at 238.

## VII. Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges HUNTER, JR., Robert N. and DILLON concur.

Report per Rule 30(e).